UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHRISTOPHER SWARTZ, )
)
Petitioner, )
)
vs. ) No. 2:17-cv-24-WTL-MPB
)
SUPERINTENDENT, )
)
Respondent. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Once convicted and after exhaustion or waiver of any right to appeal, a defendant is presumed to stand "fairly and finally convicted." *United States v. Frady,* 456 U.S. 152, 164 (1982).

For the reasons explained in this Entry, the effort of Christopher Swartz to show otherwise with respect to his Marion County conviction fails. His petition for a writ of habeas corpus will therefore be **denied.** In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

An Indiana jury found Swartz guilty of the fatal stabbing of Jose Hernandez in June 2006. The facts and pertinent procedural history were recited in Swartz's direct appeal:

> Seventeen-year-old José Hernandez was walking toward his aunt's house on the southeast side of Indianapolis at approximately 1:30 a.m. on June 24, 2006. Ken Julian and Tanya Bright were sitting on their front porch talking to Joe Culvahouse when they observed three white men approach a neighboring convenience store. One of the men, Matt Miller, entered the store and purchased beer. Swartz and Wilburn Barnard remained outside. Miller returned with the beer and the three men began walking on the sidewalk.
> Thirty seconds later, Hernandez began crossing the street when Swartz, Barnard, and Miller began heckling him and shouting racial epithets. Hernandez shrugged his shoulders. At that point, Swartz walked away from Miller and Barnard and began taunting Hernandez. Eventually, Hernandez removed his shirt and approached Swartz. Swartz swung his right fist at Hernandez and Hernandez ducked. Swartz told Hernandez that he was going to "f* * * [him] up." Tr. p. 55, 60. Swartz and Hernandez began sparring,

although neither landed punches. Miller and Barnard egged Swartz on by telling him to "f*
* * him up." *Id.* at 115. Swartz eventually lifted his shirt and asked Hernandez, "What you
got?" *Id.* at 122. Hernandez looked down, saw a knife, and jumped back. At that point,
Swartz lunged forward and stabbed Hernandez in the chest with the knife. Hernandez
staggered away and Swartz turned and ran. Hernandez stumbled to his aunt's front porch,
where he collapsed. He later died at Wishard Hospital from a stab wound that punctured
his lung and heart.

      The State charged Swartz with murder on June 27, 2006. Before trial, Swartz filed
two motions in limine seeking to exclude (1) a portion of a 911 audiotape in which the
caller referred to Swartz as a "wannabe white boy" and (2) photographs of Swartz's upper
torso depicting his tattoos "South," "Side," and "Crazy White Boy." Appellant's App. p.
111, 114. The trial court denied both motions after a hearing.

      A three-day jury trial began on May 7, 2007. Swartz renewed his pretrial objections
when the photographs and the objectionable portion of the 911 audiotape were admitted
into evidence at trial. The jury ultimately found Swartz guilty as charged. The trial court
held a sentencing hearing on June 14, 2007, and sentenced Swartz to sixty years
imprisonment.

*Swartz v. State,* 49A04–0707–CR–393 (Ind.Ct.App. February 25, 2008). The denial of post-conviction relief, in which he claimed that he had been denied ineffective assistance from both his trial counsel and counsel in his direct appeal, was affirmed in *Swartz v. State*, 2016 WL 2772124 (Ind.Ct.App.), *transfer denied,* 57 N.E.3d 816 (Ind. 2016).

Swartz now seeks relief pursuant to 28 U.S.C. § 2254(a). The action is fully at issue and the record has been appropriately expanded.

## II. Applicable Law

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996, and governs the habeas petition in this case because Swartz filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

As explained by the Supreme Court, the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 337 (2003) ("Statutes such as AEDPA have placed more, rather than fewer, restrictions on the power of federal courts to grant writs of habeas corpus to state prisoners.").

> Recognizing that state courts are no less experienced than federal courts in dealing with claims of ineffective assistance of counsel, *Burt v. Titlow,* 571 U.S. ___, 134 S. Ct. 10, 15–16, 187 L.Ed.2d 348, 2013 WL 5904117 at *4 (U.S. Nov. 5, 2013), federal law erects a high deferential standard . . . for claims that a state court erred. Federal habeas relief is available only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) and (2); *see also Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013).

*Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw,* 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone,* 535 U.S. 685, 694 (2002)). An "unreasonable" application of federal law is one "'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Harper v. Brown*, No. 15-2276, 2017 WL 3224907, at *2 (7th Cir. July 31, 2017) (citing *Ward v. Neal*, 835 F.3d 698, 703 (7th Cir. 2016), and quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-

finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)). "The petitioner carries the burden of proof." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

In addition to the foregoing substantive standard, "[i]t is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)).

> Procedural default can occur in several ways, "but two are paradigmatic." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A state prisoner can procedurally default a federal claim if he fails to "fairly present" it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* Procedural default can also occur if the state court rejects a federal claim based on a state procedural rule "that is both independent of the federal question and adequate to support the judgment." *Id.* (quotation marks omitted).

*Clemons v. Pfister,* 845 F.3d 816, 819 (7th Cir. 2017) (citing *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)).

Procedural default, although otherwise a bar to federal habeas review, may be excused in certain circumstances. "A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir.

2015)(internal citations omitted). "Under this cause-and-prejudice test, a cause is defined as 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted). The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that he is actually innocent. He must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).

### III. Discussion

#### A. Ineffective Assistance of Counsel

Swartz's first habeas claim is that he was denied the effective assistance of counsel. With respect to his representation at trial, his argument is that his trial counsel provided ineffective assistance by failing to object to the tendered jury instructions relating to voluntary manslaughter.

The Indiana Court of Appeals recognized the controlling Supreme Court authority of *Strickland v. Washington,* 466 U.S. 668, 684 (1984). *Swartz v. State*, 2016 WL 2772124, at *2-3. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted)(quoting *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694)).

Swartz alleges that his trial counsel provided ineffective assistance by failing to object to the tendered jury instructions regarding the State's burden of disproving sudden heat. Swartz specifically argues that he was prejudiced by his trial counsel's failure to object to the tendered jury instructions because

the tendered instructions failed to instruct the jury that once the issue of sudden heat was raised, the State bore the burden of disproving sudden heat before the jury could find Swartz guilty of murder.

The Indiana Court of Appeals reviewed the instructions which are challenged and found that they correctly stated the law of Indiana. *Swartz v. State*, 2016 WL 2772124, at *6 ("Instruction Number 3 clearly indicates that the State bore the burden of proving each element beyond a reasonable doubt and that Swartz was under no obligation to 'prove or explain anything.' Appellant's Direct Appeal App. p. 162. Instruction Number 9 indicates that if the State failed to prove that Swartz was not acting under sudden heat, then the jury should find Swartz not guilty of voluntary manslaughter. Contrary to Swartz's claim on appeal, we believe that this statement, when considered together with the other relevant instructions, was sufficient to instruct the jury it could only find Swartz guilty of murder if it found that the State met its burden of proving that Swartz did not act in sudden heat."). A contrary argument cannot be the basis of a § 2254(a) claim of ineffective assistance of counsel because "[a] federal court cannot disagree with a state court's resolution of an issue of state law." *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016). This point was reinforced in *Harper v. Brown*, No. 15-2276, 2017 WL 3224907, at *3 (7th Cir. July 31, 2017), wherein the Court stated: "The premise of the state court's *Strickland* ruling is its holding that Harper's sentence is appropriate, and so any Rule 7(B) argument would have failed. That's an application of Indiana law, and on § 2254 habeas review, we 'cannot disagree with a state court's resolution of an issue of state law.'" (quoting *Miller*); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("discussing Ohio's doctrine of transferred intent, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review").

Having found no error in the jury instructions when considered in their entirety, the Indiana Court of Appeals explained why Swartz had not been prejudiced: "Because the instructions tendered by the trial court adequately instructed the jury as to the State's burden of proof and the evidence presented was such that the jury, acting as the trier of fact, could find that the State met said burden, we conclude that

Swartz has failed to show that he was prejudiced by his trial counsel's representation in this regard." *Id.* at *7. Absent prejudice, Swartz could not prevail on his claim of ineffective assistance of counsel at trial.

A similar conclusion was reached by the Indiana Court of Appeals pertaining to Swartz's claim of ineffective assistance of counsel of appellate counsel. "Given our conclusion that the above-discussed jury instructions correctly instructed the jury as to the State's burden, we cannot say that a challenge to said instructions was 'clearly stronger' than the issues presented by counsel on direct appeal. . . . As such, we conclude that Swartz has failed to prove that appellate counsel provided deficient performance by failing to challenge the propriety of the aforementioned jury instructions on direct appeal. Swartz's claim in this regard is therefore without merit." *Id.* at *10.

In reviewing Swartz's arguments of ineffective assistance of counsel, the Indiana Court of Appeals recognized and identified the governing standard, as determined by the Supreme Court of the United States, "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). And because it was a reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011).

### B. Challenge to Instructions

Swartz's second habeas claim is that Indiana jury instructions—by which he apparently means Indiana law—are constitutionally infirm.

This claim was not fairly presented to the Indiana state courts and hence has not been properly preserved for federal habeas review.

"[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005); *see also Kirk v. State,* 632 N.E.2d 776 (Ind.Ct.App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P.C.R. 1(8)."). Under Indiana

procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues not presented on direct appeal and post-conviction relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992). Because this claim was not properly presented to the Indiana courts when it could have been, it has not been properly preserved for consideration in this action. *See McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013) (if a petitioner has failed to properly assert his federal claims at each level of state review, his claims are procedurally defaulted). It is too late for the claim to be developed here.

Even if the Court concluded otherwise with respect to the question of procedural default, moreover, Swartz could not prevail on this claim. A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). Asserted instructional error will not support a petition for federal habeas relief unless it is shown "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,'" but that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 146-47 (1973). "In evaluating the instructions, we do not engage in a technical parsing of this language of the instructions, but instead approach the instructions in the same way that the jury would--with a commonsense understanding of the instructions in light of all that has taken place at the trial." *Johnson v. Texas,* 509 U.S. 350, 368 (1993) (quoting *Boyde v. California,* 494 U.S. 370, 380 (1990)). Swartz does not meet this standard. This claim, therefore, is not cognizable here. *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'") (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

## IV. Conclusion

This Court has carefully reviewed the state record in light of Swartz's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Any claim properly preserved in the Indiana state courts does not warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *Stern v. Meisner*, 812 F.3d 606, 610 (7th Cir. 2016) ("In other words, [the habeas petitioner] must show a complete absence of reasonableness in the [state] appellate court's decision.") (citing *Harrington,* 562 U.S. at 98).

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Swartz's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Swartz has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 8/16/2017

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER SWARTZ
119527
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov